## A10A2041. JACOBSON v. THE STATE.
(703 SE2d 376)

JOHNSON, Judge.

A jury found Jeffrey Lee Jacobson guilty of DUI per se, DUI less safe, and failing to properly dim the headlights of his vehicle.[1] Jacobson appeals from the convictions entered on the verdict, claiming that the evidence was insufficient to support his DUI convictions and that the trial court erred in (i) allegedly commenting on the evidence in violation of OCGA § 17-8-57, (ii) allowing the state to admit the results of Jacobson's breathalyzer test, (iii) allowing the state to admit certificates of inspection for the breath-testing equipment, and (iv) refusing his request to admit maintenance logs showing when the breath-testing equipment was taken out of service. We find no error and affirm.

1. In considering whether evidence produced at trial was sufficient to support a conviction, we do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[2] The

---

[1] See OCGA §§ 40-6-391 (a) (5); 40-6-391 (a) (1); 40-8-31 (1).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and we view the evidence in a light most favorable to the verdict.[3]

So viewed, the evidence shows that at approximately 3:00 a.m. on December 21, 2008, an officer with the Forsyth County Sheriff's Department observed a vehicle approach his patrol car with its bright headlights turned on. After the driver, who was later identified as Jacobson, failed to dim the bright lights before passing the officer's car, the officer conducted a traffic stop based upon Jacobson's violation of OCGA § 40-8-31 (1).

Upon contact with Jacobson, the officer noticed a "strong odor of an alcoholic beverage coming from inside the car." In addition, the officer observed that Jacobson's eyes were watery and that his knuckles were "real bloody." Jacobson told the officer that he had "layed [sic] his motorcycle down," and the officer estimated from the scrapes on Jacobson's hands that he had wrecked his motorcycle within the last few hours before the traffic stop. The officer asked Jacobson if he had been drinking, and Jacobson admitted that he had consumed two alcoholic beverages.

The officer performed a field sobriety test in which Jacobson exhibited six out of six clues indicating impairment. Based on the test results, the officer arrested Jacobson for DUI-less safe. After the officer properly secured Jacobson's consent, Jacobson submitted to a breath test on the Intoxilyzer 5000. Jacobson's first breath sample indicated an alcohol concentration of 0.152 grams, and his second breath sample (taken several minutes later) indicated an alcohol concentration of 0.143 grams. This evidence was sufficient to support Jacobson's convictions.[4]

2. Jacobson claims that the trial court erred in commenting on the evidence in violation of OCGA § 17-8-57. This alleged error occurred after the jury requested to rehear the police officer's testimony regarding his observation of Jacobson prior to administering the breathalyzer test. After a discussion with counsel outside the presence of the jury, the trial court informed counsel that it intended to deny the request because he believed (i) it would be burdensome for the court reporter to read the three different portions of the transcript in which the officer discussed his observation of Jacobson, (ii) the trial was not so long that the jury could not recall the testimony, and (iii) reading those portions of the transcript "in isolation of the rest of the testimony . . . puts more emphasis on

---

[3] *Stone v. State*, 248 Ga. App. 190 (546 SE2d 787) (2000).

[4] See *Totino v. State*, 266 Ga. App. 265, 266 (1) (a) (596 SE2d 749) (2004).

that evidence because [it means the jury would have] heard it more than once."[5]

After the jury returned to the courtroom, the trial court noted the jury's request regarding the officer's testimony and stated:

The Court has determined that because there are several references to what could be the subject of your inquiry and the Court doesn't think it's going to help you any more than what you have heard because of how many times it's referred to and the different contexts. And we may not give you everything that you've asked for. And I don't think you want to hear the whole testimony over again. So, at this time I'm not going to grant that request. I don't think that's going to be — you will have to recall that evidence between the six of you as to what the evidence was.

Jacobson claims that the trial court's comments to the jury constituted "what has or has not been proved or as to the guilt of the accused" in violation of OCGA § 17-8-57. We disagree. The trial court merely informed the jury of the reasons that it was denying its request to rehear certain evidence, and its comments cannot reasonably be interpreted as an expression or intimation regarding the trial court's opinion as to matters proved or Jacobson's guilt.[6]

3. Jacobson also claims the trial court erred in allowing the state to admit the results of Jacobson's breathalyzer test because it failed to provide a copy of the results to Jacobson during discovery, in violation of OCGA § 17-16-23. The uncontroverted evidence indicated, however, that Jacobson received a copy of the test results from the jail staff immediately after the results were recorded. The trial court did not err, therefore, in determining that Jacobson was not harmed by the state's discovery violation.[7]

4. Jacobson also claims the trial court erred in allowing the state to admit certificates of inspection for the Intoxilyzer 5000. Citing to *Melendez-Diaz v. Massachusetts*,[8] Jacobson asserts that the state was

---

[5] See *Nobles v. State*, 201 Ga. App. 483, 485 (3) (411 SE2d 294) (1991) (judge did not abuse discretion in refusing jury's request to rehear certain testimony because judge determined that to do so would "spotlight the testimony out of context with the entire trial") (punctuation omitted).

[6] See *Johnson v. State*, 246 Ga. 126, 128 (V) (269 SE2d 18) (1980) ("remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence").

[7] See *Vincent v. State*, 228 Ga. App. 691 (1) (492 SE2d 604) (1997) ("As defendant had already been provided with a copy of the test results, he was not harmed by any failure by the State to provide the same pursuant to discovery.").

[8] ___ U. S. ___ (129 SC 2527, 174 LE2d 314) (2009).

required by the Confrontation Clause to put forward testimony from a live witness stating that the machine was in good working order. However, we have already held that certificates of inspection for the Intoxilyzer 5000 "do not fall within the class of documents prohibited by *Melendez-Diaz* because they are not generated for the prosecution of a particular defendant."[9] As a result, the trial court did not err in permitting the state to introduce the certificates of inspection.

5. Finally, Jacobson claims that the trial court erred in refusing his request to admit maintenance logs showing when the Intoxilyzer 5000 used to conduct his breath test was taken out of service. It is well established, however, that "questions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal."[10] In addition, Intoxilyzer 5000 maintenance logs are not even relevant enough to be discoverable pursuant to OCGA § 40-6-392 (a) (4).[11] As a result, the trial court did not abuse its discretion in refusing Jacobson's request to admit the maintenance logs into evidence.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 16, 2010 — ▋

*McFarland & McFarland, Robert P. McFarland, Jr.*, for appellant.

*Leslie C. Abernathy, Solicitor-General, Amy Millard Radley, Donna S. Gopaul, Assistant Solicitors-General*, for appellee.

---

[9] *Ritter v. State*, 306 Ga. App. 689 (703 SE2d 8) (2010).
[10] *Chapman v. State*, 215 Ga. App. 340, 340-341 (449 SE2d 903) (1994).
[11] *Stetz v. State*, 301 Ga. App. 458, 461 (687 SE2d 839) (2009).
[1] OCGA § 3-3-23 (a) (2).