MAXWELL, J.,
for the Court:
¶ 1. Andrew Matthies appeals his conviction for driving under the influence, first offense. His voluntary breath sample on the Intoxilyzer 8000 administered at the police station registered a blood-alcohol content (BAC) in excess of Mississippi’s legal limit of .08%. He argues the admission of intoxilyzer calibration records violated his confrontation rights because the person who calibrated the machine did not testify. We find the records nontestimonial in character, and the Confrontation Clause does not require the testimony of their preparer. Therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On September 13, 2008, at approximately 11:43 p.m., Madison Police Department Officer James Craft stopped Mat-thies for speeding. Officer Craft testified that he smelled alcohol emitting from Mat-thies’s vehicle and observed that Mat-thies’s eyes were red. When questioned whether he had been drinking, Matthies told Officer Craft he had consumed “a few beers.” Officer Craft asked Matthies to step out of the vehicle, and Matthies complied. Officer Craft administered several field sobriety tests and a preliminary breath test. Based on the results of these tests, Officer Craft placed Matthies under arrest. At the City of Madison Police Department, Matthies consented to take an intoxilyzer test, which registered a BAC of .11%.
¶ 3. Matthies was charged with DUI, first offense. He entered a plea of nolo contendere in municipal court. He appealed to the county court, where a trial de novo was conducted by the county judge sitting without a jury. During trial, Officer Craft testified that he administered the intoxilyzer test on Matthies, and Matthies registered a BAC of .11%. Notably for this appeal, the judge found the intoxilyzer calibration certificates admissible over Mat-thies’s Confrontation Clause objection. The calibration certificates were filled out on September 1, 2008, and October 2, 2008,[1] and certify that the Intoxilyzer 8000 machine administered to Matthies was in “working condition” and met “acceptable standards of accuracy.”[2]
¶4. The county judge found Matthies guilty of speeding[3] and driving under the influence, first offense, in violation of Mississippi Code Annotated section 63-11-30(l)(c) (Supp.2010).[4] Matthies appealed to the circuit court, which affirmed.[5]
*874 DISCUSSION
¶ 5. The precise issue before us is whether, for the proper admission of intox-ilyzer calibration records, the Confrontation Clause requires the person who calibrated the intoxilyzer to testify. Matthies readily admits that his identical argument has been rejected by the Mississippi Supreme Court. See Harkins v. State, 735 So.2d 317, 319 (¶¶ 4-5) (Miss.1999) (finding no Confrontation Clause violation in the admission of intoxilyzer calibration certificates without the testimony of the person who performed the calibration); see also Zoerner v. State, 725 So.2d 811, 814 (¶ 13) (Miss.1998) (citing McIlwain v. State, 700 So.2d 586, 591 (¶22) (Miss.1997)). But, as he correctly points out, these cases were decided before the United States Supreme Court restructured Confrontation Clause jurisprudence in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). No Mississippi court has considered this issue in light of Crawford and its progeny, most notably, Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009).
I. Confrontation Clause
¶ 6. The Confrontation Clause provides: “In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him[.]” U.S. Const, amend. VI. The Clause is applicable to the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).
¶ 7. In Crawford, the Supreme Court held that when an out-of-court statement is testimonial, it is inadmissible unless (1) the declarant is unavailable to testify, and (2) the defendant had a prior opportunity to cross examine the declarant. Crawford, 541 U.S. at 53-54, 124 S.Ct. 1354. Conversely, nontestimonial hearsay falls outside the scope of the Confrontation Clause, but still “is subject to evidentiary rules concerning reliability0
¶ 8. In the context of police interrogations, the Supreme Court established in Davis that a statement is testimonial “when the circumstances objectively indicate that there is no ... ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.” Davis, 547 U.S. at 822, 126 S.Ct. 2266. A statement is nontesti-monial when “made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.” Id.
II. Melendez-Diaz
¶ 9. In Melendez-Diaz, a plurality opinion authored by Justice Scalia, the Supreme Court held that a Confrontation Clause violation occurred by the admission of “certificates of analysis” without the testimony of the lab analyst who prepared them. Melendez-Diaz, 129 S.Ct. at 2532. These records certified that forensic analysis had shown that the substance seized from the defendant was cocaine. Id. at 2531. The defendant, charged with trafficking cocaine, objected to the admission of the certificates, arguing the Confronta *875 tion Clause required the lab analysts to testify in person. Id. The Supreme Court plurality agreed, reasoning: “[T]he analysts’ statements here — prepared specifically for use at petitioner’s trial — were testimony against petitioner, and the analysts were subject to confrontation under the Sixth Amendment.” Id. at 2540.
¶ 10. But in excluding the certificates of analysis the Court was careful to emphasize: “we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution’s case.” Id. at 2532 n. 1 (emphasis added). This is because “gaps in the chain of custody normally go to the weight of the evidence rather than its admissibility.” Id. The Court further explained that “documents prepared in the regular course of equipment maintenance may well qualify as non-testimonial records.” Id.
¶ 11. Since the Melendez-Diaz Court expressly declined to answer the question before us, we look to other jurisdictions. Courts having occasion to consider intoxi-lyzer inspection, maintenance, or calibration records post-Melendez-Diaz have almost uniformly agreed that such records are nontestimonial in nature. See United States v. Forstell, 656 F.Supp.2d 578, 580-82 (E.D.Va.2009); State v. Linder, 227 Ariz. 69, 252 P.3d 1033, 1035-1036 (Ariz.Ct. App.2010); Jacobson v. State, 306 Ga.App. 815, 703 S.E.2d 376, 379 (2010); People v. Jacobs, 405 Ill.App.3d 210, 345 Ill.Dec. 335, 939 N.E.2d 64, 71-72 (2010); Ramirez v. State, 928 N.E.2d 214, 219-20 (Ind.Ct.App. 2010); State v. Johnson, 43 Kan.App.2d 815, 233 P.3d 290, 299 (2010); State v. Bergin, 231 Or.App. 36, 217 P.3d 1087, 1089 (2009); Settlemire v. State, 323 S.W.3d 520, 521-22 (Tex.Ct.App.2010); Hamilton v. State, 2010 WL 4260608, *3 (Alaska Ct.App.2010) (unreported decision). But see United States v. Gorder, 726 F.Supp.2d 1307, 1314 (D.Utah 2010) (finding “Intoxilyzer 8000 Operational Checklist” testimonial).
¶ 12. In Ramirez, the Indiana Court of Appeals confronted similar calibration certificates and found:
Melendez-Diaz does not hold that routine calibration records are always non-testimonial. But at a minimum it leaves the question unresolved and demands the same type of scrutiny that we have undertaken since Crawford. ... The certificates do not comprise ex parte in-court testimony or its functional equivalent. They are not formalized testimonial materials like sworn affidavits. Moreover, while the certificates contemplate use in criminal trials, they are completed in advance of any specific alleged drunk-driving incident and breath test administration and are not created for the prosecution of any particular defendant.
Ramirez, 928 N.E.2d at 219. We find the Indiana court’s reasoning from Ramirez sound and draw from the other courts that have relied on similar rationales.
¶ 13. The certificates at issue here do nothing more than verify the accuracy of the equipment. Though the intoxilyzer was calibrated for use in criminal prosecutions, the certificates were not specifically prepared with an eye on prosecuting Mat-thies. Therefore, the calibration records in this case are different from the lab analysts’ certificates at issue in Melendez-Diaz, which were prepared after the drug seizure to establish at the defendant’s trial that the substance obtained from him was cocaine.
¶ 14. For these reasons, we affirm the circuit court’s judgment and join the numerous other jurisdictions that have found Melendez-Diaz does not always require the person who calibrated an intoxilyzer to *876 testify for the proper admission of the calibration records.
¶ 15. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE CUSTODY OF THE SHERIFF OF MADISON COUNTY, WITH THE SENTENCE SUSPENDED FOR TWO YEARS UNLESS SOONER INVOKED ON CERTAIN SPECIFIED CONDITIONS, AND TO PAY A FINE OF $700 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.

. We note there is no Confrontation Clause issue with the IP-0 IE form, which shows Matthies registered a .11% BAC, because Officer Craft, who filled out the form, testified and was cross-examined.

. By statute, the State Crime Laboratory is required to conduct periodic tests of the accuracy of breath-test machines, and to issue certificates certifying their accuracy. Miss. Code Ann. § 63-11-19 (Supp.2010).

. On appeal, Matthies has not raised any issue concerning his speeding ticket.

. Section 63 — 11—30(l)(c) prohibits persons over the legal drinking age from operating a vehicle with a blood alcohol concentration above .08%.

.The Mississippi Supreme Court recently declared the “three-court rule” unconstitutional. Jones v. City of Ridgeland, 48 So.3d 530, 535 (¶ 7) (Miss.2010). The supreme court found the rule deprived appellate courts of jurisdiction where the case originated in municipal or justice court and was then appealed to both county and circuit court, unless the case involved a constitutional question and the circuit judge or a supreme court justice allowed the appeal. Id. at 534 (¶ 6) (citing Miss.Code Ann. § 11-51-81 (Rev.2002)). With this rule no longer in force, we have jurisdiction.