RUSSELL, J.,
for the Court:
¶ 1. Jeffrey Parkman appeals his conviction of driving under the influence (DUI), first offense. This case concerns the admissibility of Parkman’s intoxilyzer test results. Specifically, Parkman argues that the results were inadmissable because (1) the officer did not observe Parkman for twenty minutes prior to administering the test; (2) the person charged with calibrating the machine did not testify, violating Parkman’s Sixth Amendment right to confrontation; and (3) the State failed to produce certificates of calibration. Therefore, Parkman argues that his conviction should be reversed. Upon review, we find no error and therefore affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 1, 2009, at approximately 5:07 a.m., Parkman approached a safety checkpoint at highway 1-20 at the 54 eastbound off-ramp inside the city limits of Brandon. Parkman was stopped by Officer Chad Maclain, who observed Parkman swerving across the road. Officer Maclain asked Parkman for his identification and proof of insurance. As the two were speaking, Officer Maclain detected an odor of alcohol. As a result, Officer Ma-clain asked Parkman to pull off the road so that he could investigate further. Officer Maclain then asked Parkman whether he had been drinking, and Parkman stated his last drink was at approximately 5:00 pm. the previous day. Officer Maclain also asked Parkman whether he had any alcohol in the vehicle, and Parkman stated he *445 had an open bottle of vodka. There was also a cup of orange juice in plain view that smelled of alcohol. Officer Maclain asked Parkman what was in the drink, and Parkman admitted the cup contained orange juice and vodka. Officer Maclain asked Parkman if he would submit a breath sample into the preliminary breath test (PBT) machine, and Parkman consented. Parkman tested positive for the presence of alcohol in his system.
¶ 3. Officer Maclain testified that at approximately 5:29 a.m., he placed Parkman under arrest for driving under the influence, careless driving, and possession of alcohol. He then transported Parkman to the Brandon Police Department, where Parkman gave two breath samples into the Intoxilyzer 8000 machine. Officer Maclain further stated that they were on their way to the Brandon Police Department at 5:29 a.m. Shortly after arriving at the station, Officer Maclain started the intoxilyzer test at 5:40 a.m., and two samples were obtained from Parkman. The first sample was obtained at 5:47 a.m., when Parkman’s blood-alcohol content (BAC) registered .135. The second sample — the one used to convict Parkman — was obtained at 5:49 a.m., when Parkman’s BAG registered .129.
114. On June 23, 2010, Parkman entered a plea of nolo contendré in the Brandon Municipal Court. He appealed his conviction to the County Court of Rankin County. On October 14, 2010, the county court judge held a de novo bench trial and found Parkman guilty of driving under the influence, first offense, and careless driving. Parkman filed a motion for JNOV, which was denied. Parkman appealed to the Circuit Court of Rankin County, which affirmed. He timely appealed to this Court.
DISCUSSION
¶ 5. “The standard of review regarding the admission or exclusion of evidence is abuse of discretion.” Hudspeth v. State, 28 So.3d 600, 602 (¶5) (Miss.Ct.App.2009) (quoting Morris v. State, 963 So.2d 1170, 1175 (1115) (Miss.Ct.App.2007)). “[Ajbsent an abuse of that discretion, the trial court’s decision will not be disturbed on appeal.” Id. (quoting McCoy v. State, 820 So.2d 25, 31 (¶ 15) (Miss.Ct.App.2002)).
I. Whether the officer failed to observe Parkman for twenty minutes prior to administering the Intoxi-lyzer 8000 test.
¶ 6. Parkman argues that Officer Ma-elain failed to observe him for twenty continuous minutes prior to administering the Intoxilyzer 8000 test. Mississippi Code Annotated section 63-11-5(1) (Rev.2004) states that “[n]o such tests shall be given by any officer or any agency to any person within fifteen (15) minutes of consumption of any substance by mouth.” However, a twenty-minute observation period is required under the Mississippi Department of Public Safety’s guidelines and the Intox-ilyzer 8000 Implied Consent Policies and Procedures manual:
According to the Mississippi Department of Public Safety’s guidelines and the Intoxilyzer 8000 Implied Consent Policies and Procedures manual, a twenty-minute observation period is required immediately before a breath sample is taken. The glossary to this manual defines observation period as follows: “A period during which the person being tested has been observed to determine that he has not ingested alcohol or other fluids, regurgitated, vomited, eaten, smoked, or placed anything into his mouth in the 20 minutes immediately prior to the collection of a breath sample.”
Hudspeth, 28 So.3d at 602 (¶ 6). Further, our supreme court has stated the following:
*446 The length of time that a person charged with driving under the influence must be observed prior to the administration of the breath test is mandatory. In Mississippi, by statute, that length of time is fifteen minutes; however, police procedure requires that the person be observed for twenty minutes. The observation itself can be performed as long as the defendant is in the presence of the officer. The officer is not required to stare at the defendant for the observation to be effective. A dispute as to whether the observation lasted the mandatory length of time or whether the observation was performed while in the presence of an officer goes to the weight of the testimony and the credibility of the witnesses.
Fisher v. City of Eupora, 587 So.2d 878, 882 (Miss.1991).
¶ 7. Here, Officer Maclain stopped Parkman at 5:07 a.m. Officer Maclain testified that they were en route to the Brandon Police Department at 5:29 a.m., and the intoxilyzer test that was the basis of Parkman’s DUI charge was given at 5:49 a.m. While Officer Maclain did testify that he spoke with the tow-truck driver prior to departing the safety-checkpoint location, our supreme court has held that an “officer is not required to stare at the defendant for the observation to be effective.” Id. Further, when asked whether he had observed Parkman for more than twenty minutes, Officer Maclain answered affirmatively. This issue is without merit.
II. Whether the State was required to produce certificates of calibration.
¶ 8. Parkman contends that the county court erred by allowing the results of the Intoxilyzer 8000 into evidence because the certification of calibration was never introduced into evidence. However, counsel for Parkman moved to exclude the Intoxilyzer 8000 test results from evidence based on the Confrontation Clause — not because the State failed to produce certificates of calibration. Further, upon a review of the record, counsel for Parkman never raised the issue of calibration certificates.
¶ 9. Parkman is raising “an error on appeal different from that raised at the trial level.” Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). “A defendant is procedurally barred from raising an objection on appeal that is different than that raised at trial.” Id. Further, “[a] trial judge will not be found in error on a matter not presented to him for decision.” Id. (citing Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988)). This issue is procedurally barred.
III. Whether Parkman’s Sixth Amendment right to confrontation was violated where the person charged with calibrating the machine did not testify.
¶ 10. In a 2011 decision, this Court considered the exact issue raised by Parkman: “whether, for the proper admission of intoxilyzer calibration records, the Confrontation Clause requires the person who calibrated the intoxilyzer to testify.” Matthies v. State, 85 So.3d 872, 874 (¶ 5) (Miss.Ct.App.2011). We determined that intoxilyzer calibration records are nontesti-monial in nature; therefore, “the Confrontation Clause does not require the testimony of their preparer.” Id. at 873 (¶ 1). Subsequently, our supreme court granted Matthies’s petition for writ of certiorari. Matthies v. State, 76 So.3d 169 (Miss.2011). Our supreme court affirmed, holding that “records pertaining to intoxilyzer inspection, maintenance, or calibration are indeed nontestimonial in nature, and thus, their admission into evidence is not viola- *447 tive of the Confrontation Clause of the Sixth Amendment.” Matthies v. State, 85 So.3d 838, 844 (¶ 19) (Miss.2012). This issue is without merit.
IV. Whether the State met its burden of proving guilt beyond a reasonable doubt.
¶ 11. Because we have determined that, based on current precedent, the intoxilyzer results were properly admitted into evidence, we find that the State met its burden of proving Parkman’s guilt beyond a reasonable doubt. Therefore, we affirm the judgment of the circuit court.
¶ 12. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE RANKIN COUNTY JAIL TO BE SUSPENDED IN ITS ENTIRETY, AND TO PAY A $1,000 FINE PLUS COSTS AND ASSESSMENTS, WITH $200 OF SAID FINE TO BE SUSPENDED AND $800 TO BE PAID, AND TWO YEARS OF UNSUPERVISED PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.