FAIR, J.,
for the Court:
¶ 1. On July 7, 2011, Benjamin Russell entered a nolo contendere plea in Flowood Municipal Court to one count of speeding and one count of driving under the influence (DUI), first offense. Russell appealed to the Rankin County County Court where, after a trial de novo, he was convicted of both charges. Russell then appealed to the Rankin County Circuit Court, which affirmed the county court’s conviction and sentence. Russell now appeals to this court, asserting: (1) the State failed to establish the Rankin County County Court had jurisdiction, and (2) the Rankin County County Court erred in allowing the results of the Intoxilyzer 8000 into evidence. Finding no error, we affirm the judgment of the circuit court.
FACTS
¶ 2. On May 8, 2011, at around 2 a.m., Officer David Penson of the Flowood Police Department observed a vehicle traveling eastbound on Highway 25 at a high rate of speed in a 50-miles-per-hour zone. Officer Penson’s radar showed that the driver was traveling 70 miles per hour. He stopped the vehicle and identified the driver as Russell.
*147 ¶ 3. During the stop, Officer Penson smelled alcohol on Russell and noticed his eyes were bloodshot. Officer Penson asked Russell to exit the vehicle. After determining the smell of alcohol was from Russell’s breath, Officer Penson asked him how long it had been since he had a drink. Russell replied, “About two hours.” Officer Penson conducted a field sobriety test, which Russell struggled to complete. During the one-leg-stand test, Russell lost his balance and swayed. On the walk-and-turn test, he missed the heel-to-toe movements and made improper turns. At that point, Officer Penson asked Russell to submit to a portable breath test. Russell complied, and the test registered positive for alcohol.
¶ 4. At that point, Russell was arrested and transported to the Flowood Police Department. Officer Penson administered two Intoxilyzer 8000 tests on Russell. The tests indicated Russell’s blood-alcohol content was .11%.
¶ 5. At trial, the county court judge found Russell guilty of speeding and DUI. Russell then moved to dismiss the case based on the State’s failure to establish jurisdiction. The prosecutor responded:
Your Honor, the Court living in that area and being familiar with it, I think the Court well knows where Lakeland and Marshal is and that that is in the City of Flowood. Had I not specifically asked, I think the Court knows that that is in the City of Flowood. We’d ask the Court to take judicial notice of that.
The judge stated that “as a practical matter, I absolutely know that’s in the City of Flowood,” but he was uncertain as to whether he could take judicial notice. At that time, the court took the motion under advisement so the parties could brief the issue. The court also noted that Russell would be tentatively convicted and sentenced until further ruling on the motion to dismiss. On the speeding charge, Russell was ordered to pay court costs and a $50 fine. For the DUI conviction, Russell was sentenced to forty-eight hours in the county jail, but the sentence was suspended provided he complete six months’ probation and the Mississippi Alcohol Safety Education Program. He was also ordered to pay a $750 fine. On December 16, 2011, after reviewing the record, trial transcript, and controlling case law on judicial notice, the court entered an order denying Russell’s motion to dismiss.
DISCUSSION
1. Jurisdiction
¶ 6. Russell argues the State failed to prove that the crime occurred in the City of Flowood, in Rankin County. Proof of venue is necessary for a criminal conviction and may be shown by direct or circumstantial evidence. Smith v. State, 646 So.2d 538, 541 (Miss.1994).
¶ 7. Mississippi Code Annotated section 99-11-3(1) (Supp.2013) provides:
The local jurisdiction of all offenses, unless provided by law, shall be in the county where committed. But, if on the trial the evidence makes it doubtful in which of several counties, including that in which the indictment or affidavit alleges the offense was committed, such doubt shall not avail to procure the acquittal of the defendant.
Russell argues that the State failed to establish venue because Officer Penson did not specifically state that the events occurred in the City of Flowood, Rankin County, Mississippi. We disagree. Although Officer Penson did not say the “magic words,” there is direct and circumstantial evidence in the record to show the crimes occurred in the City of Flowood, Rankin County. Officer Penson is a police officer with the City of Flowood. He testi *148 fied that he clocked Russell at 70 miles per hour in a 55-miles-per-hour zone as he was traveling eastbound on Lakeland Drive. It is also uncontested that the traffic stop occurred “just past Marshal Drive before you get to Highway 471.”
¶ 8. Further, our supreme court has held that a court may take judicial notice that a city is in a particular county. Bearden v. State, 662 So.2d 620, 625 (Miss.1995). Mississippi Rule of Evidence 201(f) provides that judicial notice may be taken at any stage of the proceeding. The rule also states that a “judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” M.R.E. 201(b). A court can take judicial notice that a landmark such as a street, school, or other institution is in a particular city, if this fact is common knowledge in the area where the trial is held. See id.; Thomas v. State, 784 So.2d 247, 250 (¶ 10) (Miss.Ct.App.2000).
¶ 9. In his order denying Russell’s motion to dismiss, the judge stated the following:
Almost anyone who travels Highway 25 through Flowood headed east is aware that the city limits are located at or around Highway 471 and Highway 25. Especially those, like this judge, who travel it almost weekly are well aware of the location of the city limits as being well east of Marshal and Lakeland. Further, under the second category of judicially noticed facts, a few minutes on the internet inquiring of the myriad [of] map services ... make it clear that the location of the stop described by [Officer] Penson in the record is well within the city limits of Flowood and the county limits of Rankin.
Considering all the evidence, we find that the court could have concluded that Russell was ticketed in Flowood, as venue may be proven by circumstantial evidence. Smith, 646 So.2d at 541. We also find that the trial court correctly took judicial notice. Therefore, this issue is without merit.
2. Confrontation Clause
¶ 10. Russell argues that the county court erred in admitting the Intoxilyzer results because doing so violated his right to confrontation under the Sixth Amendment. Russell refers to the United States Supreme Court’s decision in Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), to support his argument. Specifically, he claims the county court erred when it allowed the prosecution to present the results of Russell’s Intoxilyzer 8000 test without allowing Russell to cross-examine the person who calibrated the machine.
 ¶ 11. The Mississippi Supreme Court has rejected Russell’s argument. “[Rjecords pertaining to intoxilyzer inspection, maintenance, or calibration are indeed nontestimonial in nature, and thus, their admission into evidence is not viola-tive of the Confrontation Clause of the Sixth Amendment.” Matthies v. State, 85 So.3d 838, 844 (¶ 19) (Miss.2012). It is noteworthy that Russell’s counsel filed his brief in this case two months after Mat-thies was decided. Russell’s counsel should be well aware of the supreme court’s recent decision, since one of his attorneys represented the appellant in Matthies and unsuccessfully raised this exact issue. Here, Russell makes the same argument while also claiming our supreme court erred in its holding in Matthies. This issue is without merit.
*149 ¶ 12. Finding no merit to any of the issues raised, we affirm Russell’s conviction and sentence.
¶ 13. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SPEEDING, AND SENTENCE TO PAY A $50 FINE; AND COUNT II, DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE RANKIN COUNTY JAIL, WITH THE SENTENCE SUSPENDED WHILE ON SIX MONTHS’ PROBATION, AND TO PAY A $750 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.