# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KM-01533-COA

**MARCUS ROMMEL FOSTER A/K/A MARCUS FOSTER**        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/25/2017 |
| TRIAL JUDGE: | HON. JOHN ANDREW GREGORY |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MARCUS ROMMEL FOSTER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | BEN CREEKMORE |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 12/11/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., GREENLEE AND TINDELL, JJ.

### GREENLEE, J., FOR THE COURT:

¶1. Following a trial de novo, the Chickasaw County Circuit Court found Marcus Rommel Foster guilty of speeding, driving eighty-two miles per hour in a sixty-five miles-per-hour zone, and sentenced him to pay a fine of $200 plus court costs. We affirm.

### PROCEDURAL BACKGROUND

¶2. Foster was charged with speeding on July 19, 2015. On October 14, 2015, the Chickasaw County Justice Court convicted him of speeding. Foster appealed to the Chickasaw County Circuit Court, which held a trial de novo on October 3, 2017. Following

trial, the court found Foster guilty of speeding and fined him $200 plus court costs. Foster timely appealed.

**FACTS**

¶3.    At approximately 2 p.m. on July 19, 2015, Mississippi Highway Safety Patrol Officer Matthew Eller observed Foster's vehicle traveling southbound on Highway 45, in Chickasaw County, Mississippi. Officer Eller's radar indicated that Foster's vehicle was traveling in excess of the sixty-five miles-per-hour speed limit at rate of eighty-two miles per hour. Officer Eller proceeded to stop Foster's vehicle and issued Foster a speeding citation. During trial, Officer Eller testified that he received appropriate training to use his radar detector and that he had properly calibrated it on the day he stopped Foster.

**DISCUSSION**

¶4.    Although unclear, Foster's various arguments on appeal are seemingly premised on his claim that the State failed to prove he committed the crime of speeding. Foster also claims that the laws of this State do not apply to him.[1]

¶5.    Foster is incorrect in arguing that the laws of this State do not apply to him. Our Legislature is vested with the power to create and define criminal offenses within the State of Mississippi. *Wilcher v. State*, 227 So. 3d 890, 897 (¶28) (Miss. 2017). And, "[t]he Legislature has to the power to define and punish any act as criminal unless limited by

---

[1] Foster argues that "a true crime requires the violation of a legal right" and that absent such a violation, the circuit court lacked subject matter jurisdiction over his case. He also claims his offense was "unfit for adjudication." Foster cites no Mississippi cases for those propositions. Instead, he cites cases from other jurisdictions that do not bear upon the issues he raises. Therefore, we find no merit to these claims with respect to Foster's case. *See Satterfield v. State*, 158 So. 3d 380, 382-83 (¶6) (Miss. Ct. App. 2015).

constitutional provisions." *Id.*

¶6.　　In accordance with its power, the Legislature has enacted Mississippi Code Annotated section 63-3-501 (Rev. 2013), which states, in pertinent part, that "[n]o person shall operate a vehicle on the highways of the state at a speed greater than sixty-five (65) miles per hour." Violation of section 63-3-501 constitutes a misdemeanor. Miss. Code Ann. § 63-9-11(1) (Rev. 2013). These statutes are congruent with Mississippi's long-standing rule that the operator of an automobile who drives his vehicle at a dangerous or unlawful rate of speed in disregard of the rights and safety of others should be held to strict liability, both civilly and criminally, for his wrongful conduct. *Ulmer v. Pistole*, 115 Miss. 485, 491, 76 So. 522, 524 (1917).

¶7.　　Here, Officer Eller's direct testimony was sufficient to prove Foster violated section 63-3-501 by driving in excess of sixty-five miles per hour on Highway 45.

¶8.　　Foster additionally argues that there was no evidence of his presence within Mississippi and therefore, he should not be subject to Mississippi's laws. During trial, Foster similarly challenged the trial court's jurisdiction, and the trial court used Officer Eller's testimony as a basis to take judicial notice that Foster was stopped in Chickasaw County, Mississippi:

> Q: I believe you indicated this happened near Egypt?
>
> A: The Community of Egypt, yes, sir, between County Road 406 and Mississippi Highway 245; but it's on 45 Alternate.
>
> . . . .
>
> Q: That's in Chickasaw County, Mississippi?

A: Yes, sir.

Considering Officer Eller's testimony, we find that the court properly concluded that Foster's speeding citation occurred in Chickasaw County, Mississippi. We also find that the trial court correctly took judicial notice. *See* M.R.E. 201(b); *Russell v. State*, 126 So. 3d 145, 147 (¶6) (Miss. Ct. App. 2013) ("Proof of venue . . . may be shown by direct or circumstantial evidence.").

¶9. Finding the State sufficiently proved that Foster violated section 63-3-501 by exceeding the speed limit on a Mississippi highway, we affirm.

¶10. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**