¶ 1. A Neshoba County Circuit Court jury convicted Efrem Henderson of possession of cocaine. On appeal, he argues that the court erred in denying his motion to suppress the results of a search and in sentencing him as an habitual offender. We find no error and affirm. *Page 247 
¶ 2. During the early morning hours of January 17, 2002, a police officer noticed Efrem Henderson driving his vehicle erratically. The officer stated that Henderson almost hit a curb, stopped at a stop sign, then proceeded through the intersection and almost hit another curb. The officer stopped Henderson. After approaching the vehicle, the officer smelled alcohol. The officer stated that Henderson's speech was slurred and his eyes were red and glassy. After conducting a field sobriety test and a pat down search, the officer took Henderson to jail.
¶ 3. At the jail, an Intoxilizer test revealed that Henderson had a blood alcohol content above the legal limit for driving. Henderson was then placed under arrest and a strip search was made. The officer found cocaine wrapped inside clear plastic wrap.
¶ 4. Henderson was convicted of possession of cocaine and sentenced as an habitual offender to sixteen years in the custody of the Mississippi Department of Corrections. He appeals.
 DISCUSSION 1. Suppression of evidence
¶ 5. Henderson claims that the court erred in denying his motion to suppress the results of the strip search. He states that pulling a car toward the curb without hitting it on a traffic-free street is not careless driving and did not constitute probable cause to be stopped. He claims that because there was no probable cause for the stop, the evidence from the subsequent search was inadmissible.
¶ 6. The offense that Henderson allegedly was committing when he was stopped was this:
 Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving. Careless driving shall be considered a lesser offense than reckless driving.
Miss. Code Ann. § 63-3-1213 (Rev. 1996).
¶ 7. As a general rule, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. U.S., 517 U.S. 806, 810 (1996). The officer witnessed the vehicle that Henderson was driving approach the curb twice. This indicates that Henderson was driving without due regard for the width and use of the street. The officer's observations were enough for him to determine that careless driving had taken place.
¶ 8. Further, this Court has determined that failure to have regard for the width and use of the street by swerving off the side of the road or crossing the marker lines constitutes probable cause for a traffic stop. E.g., Saucier v. City Of Poplarville, 858 So.2d 933, 935 (Miss. Ct. App. 2003). The presence or absence of traffic is not controlling. Carelessness is a matter of reasonable interpretation, based on a wide range of factors.
¶ 9. There was probable cause for the traffic stop. Therefore, the motion to suppress the evidence found as a result was properly denied.
2. Sentence enhancement
¶ 10. Henderson claims that he did not have notice of the sentence enhancement that he received. He was given the maximum term provided for the offense under the following statute:
 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal *Page 248 
penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss. Code Ann. § 99-19-81 (Rev. 2000). Henderson argues that he was indicted as a multiple offender subject to sentence enhancement under a different statute. The statute that Henderson prefers states, "any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." Miss. Code Ann. § 41-29-147 (Rev. 2001).
¶ 11. Both statutes were cited in the indictment. That double reference was sufficient to give Henderson notice that he could be sentenced under either and gave him a fair opportunity to present a defense. It is not for the defendant to choose between two available sentencing options, both of which have been included in the charges against him.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OFCONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SIXTEEN YEARS IN THECUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUALOFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBACOUNTY.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS,JJ., CONCUR.