996 So.2d 170 (2008)
Michael S. EVERS, Jr., Appellant.
v.
CITY OF STARKVILLE, Mississippi, Appellee.
No. 2007-KM-02049-COA.
Court of Appeals of Mississippi.
November 25, 2008.
Mose Lee Sudduth Jr., Columbus, attorney for appellant.
Roy E. Carpenter Jr., Starkville, attorney for appellee.
Before LEE, P.J., CHANDLER and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Michael S. Evers Jr. was pulled over for careless driving in Starkville, Mississippi, after Officer Tim Cook of the Starkville Police Department observed Evers driving in the wrong lane of traffic. Once pulled over, Cook smelled alcohol on Evers's breath and performed a field sobriety test. Based on his performance of the field sobriety test, Evers was taken to the Oktibbeha County Sheriff's Office, where he was given a Breathalyzer test. The test showed that Evers's blood-alcohol concentration was .14%, well above the legal limit of .08%. Miss.Code Ann. § 63-11-30(1) (Supp.2008).
¶ 2. Evers was found guilty in the Municipal Court of Starkville of driving under the influence (DUI), first offense, and *171 careless driving. He appealed his conviction to the Circuit Court of Oktibbeha County. After a bench trial, the trial court affirmed his conviction, suspended his driver's license, ordered him to attend the Mississippi Alcohol Safety Education Program, and ordered him to pay a fine of $500 for the DUI charge and a $50 fine for the careless driving charge. Evers filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The trial court denied his motion.
¶ 3. Evers now appeals, asserting that the trial court erred in finding that the City showed that probable cause existed for the traffic stop. Finding no error, we affirm.

DISCUSSION
¶ 4. Evers argues the trial court erred in denying his motion to dismiss because the City failed to prove there was probable cause for the initial traffic stop. Specifically, Evers argues that he was not driving carelessly when he was pulled over for careless driving.
¶ 5. Careless driving is defined by Mississippi Code Annotated section 63-3-1213 (Rev.2004) as follows:
Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving. Careless driving shall be considered a lesser offense than reckless driving.
¶ 6. As a general rule, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Henderson v. State, 878 So.2d 246, 247(¶ 7) (Miss.Ct.App.2004) (quoting Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). Cook testified that he was assisting with a wreck on Highway 182 and Nash Street when he observed Evers's car coming toward him in the wrong lane of the road. Multiple patrol cars were parked on the side of the road with their blue lights flashing. Cook testified that while no center line was painted on Nash Street, the vehicle swerved all the way into the opposing lane of traffic. The other officers at the scene of the wreck had to jump out of the way of Evers's vehicle. Cook stated that when he saw the car coming toward him, "I started hollering, throwing my hands up and everything. Immediately that car jerked back over onto the other side of the roadway." On foot, Cook then flagged Evers down, and Evers stopped the car.
¶ 7. We find that the trial court did not err in finding that probable cause existed for the traffic stop. The City presented sufficient facts to show that Cook had probable cause to stop Evers for careless driving. In Saucier v. City of Poplarville, 858 So.2d 933, 935(¶ 6) (Miss.Ct.App.2003), Saucier was stopped by the police for repeatedly crossing the center line. Id. At trial, Saucier argued that the officer did not have probable cause to conduct a traffic stop. Id. at 934(¶ 5). This Court agreed with the trial court in finding that Saucier was guilty of careless driving because she was driving without due regard for the width and use of the street. Id. at 935(¶ 6). Similarly, in Henderson, this Court found that the officer's testimony that he witnessed Henderson's vehicle approach the curb twice was sufficient to indicate that careless driving had taken place. Henderson, 878 So.2d at 247(¶ 7).
¶ 8. We find the trial court did not err in finding probable cause for the traffic stop. Therefore, this issue is without merit.
¶ 9. THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT *172 OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE TO PAY A FINE OF $500 AND CONVICTION OF CARELESS DRIVING AND SENTENCE TO PAY A FINE OF $50 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.