LEE, P.J., for the Court.
 

 PROCEDURAL HISTORY
 

 ¶ 1. Tameca Drummer was convicted in the Circuit Court of Alcorn County of possession of marijuana and sentenced as a habitual offender to life in the custody of the Mississippi Department of Corrections without the possibility of parole or probation.
 

 ¶ 2. Aggrieved by her conviction and sentence, Drummer now appeals asserting the following issues: (1) no probable cause existed for the traffic stop that led to her arrest, and (2) the sentence of life is disproportionate to the crime charged. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. Officer Shannon Hester of the Corinth Police Department was driving behind Drummer’s vehicle when she noticed the vehicle had no license plate. Officer Hester followed the vehicle for approximately one mile, and she observed Drummer’s vehicle weaving “[fjrom the outside of her lane across the ... centerlines.” Officer Hester performed a traffic stop. As she was approaching the car, she noticed a temporary tag lying on the back dash. Officer Hester asked Drummer for her driver’s license and proof of insurance. Drummer’s driver’s license was suspended. Officer Hester placed Drummer under arrest for driving with a suspended driver’s license. Officer Hester testified that she asked for permission to search the vehicle, and Drummer consented.
 

 ¶ 4. Officer Jerry Mayhall assisted Officer Hester with the search. Officer Hester found cocaine in the driver’s door, and Officer Mayhall found marijuana in the steering column. Detective Ben Caldwell testified that he questioned Drummer about the marijuana. According to Detective Caldwell, Drummer stated that she was in Corinth to meet Ernest Banks, a man with whom she was “dating” in exchange for money, and when he did not pay her, she took the marijuana from him and hid it under the dash of the car.
 

 ¶ 5. Contrary to Detective Caldwell’s testimony, Drummer testified at trial that Banks had put the marijuana in her car without her knowledge. Drummer testified that she was neither asked nor did she consent to a search of her vehicle. She further testified that the police officers who testified otherwise were not being truthful. Officer Mayhall testified in rebuttal that he heard Drummer consent to the search.
 

 DISCUSSION
 

 I. SUPPRESSION OF EVIDENCE
 

 ¶ 6. Prior to trial, Drummer filed a motion to suppress the evidence found in her vehicle on the ground that Officer Hester had no probable cause to conduct a traffic stop based on careless driving. Drummer asserts that because there was no probable cause for the stop, the evidence from the subsequent search was inadmissible.
 

 ¶ 7. The careless-driving statute, Mississippi Code Annotated section 63-3-1213 (Rev.2004), states in part:
 

 Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving. Careless driving shall be considered a lesser offense than reckless driving.
 

 
 *565
 
 ¶ 8. “As a general rule, ‘the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.’ ”
 
 Henderson v. State,
 
 878 So.2d 246, 247(¶ 7) (Miss.Ct.App.2004) (quoting
 
 Wkren v. United States,
 
 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). “The presence or absence of traffic is not controlling. Carelessness is a matter of reasonable interpretation, based on a wide range of factors.”
 
 Id.
 
 at (¶ 8).
 

 ¶ 9. Drummer asserts that Officer Hester’s report stated that she merely touched the center line, but she did not cross it. Drummer also asserts that she came to a complete stop at a stop sign, which showed that she was able to follow traffic rules. Officer Hester testified that she observed Drummer weaving within her lane of traffic and crossing one of the center lines. Her police report stated that Drummer weaved from “right side of her lane to the inside of the yellow lines more than once.” Drummer was driving in a residential area, and Officer Hester testified that she was concerned that if Drummer topped a hill, she could have encountered an oncoming vehicle.
 

 ¶ 10. In
 
 Henderson,
 
 this Court found that probable cause existed for a traffic stop where the driver “almost hit a curb, stopped at a stop sign, then proceeded through the intersection and almost hit another curb.”
 
 Id.
 
 at (¶ 2). Likewise, we find that the reasons articulated by Officer Hester were sufficient to find probable cause for a traffic stop based on careless driving.
 

 ¶ 11. Having found that probable cause existed for the traffic stop, we find that the motion to suppress the evidence found as a result of the traffic stop was properly denied. This issue is without merit.
 

 II. CRUEL AND UNUSUAL PUNISHMENT
 

 ¶ 12. Drummer asserts that her sentence of life without the possibility of parole or probation is disproportionate to the crime of possession of marijuana and should be reversed. Drummer requests that her sentence be reviewed under the three-prong disproportionality test in Sofera
 
 v. Helm,
 
 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (overruled in part by
 
 Harmelin v. Michigan,
 
 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)).
 

 ¶ 13. We find that this issue is procedurally barred because it was not raised before the trial court. Notwithstanding the procedural bar, we find that this issue is without merit. Drummer was not sentenced to life solely based on possession of marijuana. Drummer was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev.2007), which states:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 ¶ 14. Drummer had previously been convicted of manslaughter and aggravated assault, both crimes of violence for which she served more than one year in prison. Therefore, Drummer was properly sentenced to life without eligibility for parole or probation pursuant to the habitual-of
 
 *566
 
 fender statute. Drummer cites to several cases in which defendants received lesser sentences for possession of marijuana. However, Drummer fails to mention that none of the cases cited involved habitual offenders. The supreme court has stated that: “Unless a ‘threshold comparison of the crime committed to the sentence imposed leads to an inference of “gross dis-proportionality,” ’ ” an analysis under
 
 Salem
 
 is not necessary.
 
 Ford v. State,
 
 975 So.2d 859, 869(1139) (Miss.2008). Drummer was sentenced pursuant to the statutory guidelines, and we do not find that her sentence leads this Court to an inference of gross disproportionality. Therefore, a review under
 
 Solem
 
 is not necessary. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.