CARLTON, J.,
for the Court:
¶ 1. Tony Martin appeals the Lafayette County Circuit Court’s finding that probable cause existed for Mississippi Highway Patrolman Robert Hamblin to stop Martin for careless driving after Trooper Hamblin witnessed Martin “bumping” the fog line of a county highway with his vehicle. The traffic stop ultimately resulted in an arrest and citation for Driving Under the Influence.
FACTS
¶ 2. This case addresses the review of the sufficiency of probable cause at a traffic stop. On the afternoon of July 4, 2007, Martin was pulled over for careless driving by Trooper Hamblin on Mississippi Highway 314 in Lafayette County, Mississippi. Trooper Hamblin stopped Martin after observing Martin’s vehicle “kind of bump[ ] the fog line, went from the center line to the fog line.” When questioning Martin during the traffic stop, Trooper Hamblin noticed the smell of alcohol emanating from Martin. He also noticed that Martin’s eyes were bloodshot. Trooper Ham- *534 blin asked Martin whether he had been drinking, and Martin admitted to Trooper Hamblin that he had consumed “a couple” of alcoholic beverages. Trooper Hamblin administered the portable intoxilyzer twice, and after reading the results, he transported Martin to the Lafayette County Detention Center. Upon arrival, Trooper Hamblin administered the Intoxi-lyzer 8000 test, which provided a result of .08 percent blood-alcohol concentration. Trooper Hamblin issued Martin a citation, charging him for willfully and unlawfully driving or otherwise operating a motor vehicle within the state while “under the influence of intoxicating liquor” and having “an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law.” Mississippi Code Annotated § 63-11-30(1) (Supp.2009). On September 17, 2007, Martin was found guilty of DUI, first offense, by the Lafayette County Justice Court.
¶ 3. Martin subsequently appealed, and a trial was held in the Lafayette County Circuit Court on May 26, 2009. The circuit court affirmed the justice court’s finding that Martin was guilty of DUI, first offense, based on the evidence that his Intoxilyzer 8000 test revealed a blood-alcohol concentration of .08%. The circuit court also held that Trooper Hamblin possessed probable cause to stop Martin for careless driving. The circuit court sentenced Martin to forty-eight hours in the Lafayette County Detention Center. The circuit court, however, suspended the imposition of the jail term, and the court ordered Martin to pay a fine and court costs as well as to attend Mississippi Alcohol Safety Education Program classes. Martin now appeals, asserting that the circuit court erred in finding that Trooper Ham-blin showed that sufficient probable cause existed for the traffic stop. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 4. “Determinations of reasonable suspicion and probable cause should be reviewed de novo.” Dies v. State, 926 So.2d 910, 917 (¶ 20) (Miss.2006). While we review the lower court’s legal conclusions regarding probable cause de novo, we “must accept the fact findings that led the lower court to that legal conclusion unless there is clear error in those fact findings.” Adams v. City of Booneville, 910 So.2d 720, 722 (¶ 7) (Miss.Ct.App.2005) (citation omitted).
DISCUSSION
Probable Cause for Trooper Hamblin to Execute a Traffic Stop of Martin for Careless Driving
¶ 5. Martin argues that Trooper Hamblin failed to possess the requisite probable cause to stop Martin’s vehicle for careless driving on July 4, 2007. Martin submits that his driving behavior on that night raised no suspicion to constitute the elements necessary for the stop. Martin claims that he never left the pavement and never endangered himself or others while being observed by Trooper Hamblin. Further, Martin claims that no Mississippi statute makes it unlawful to cross the fog line on the type of highway upon which Martin was driving.
¶ 6. Mississippi Code Annotated section 63-3-1213 (Rev.2004) states: “Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving.” Martin’s “bumping” the fog line with his car constituted, in Trooper Hamblin’s opinion, a violation of *535 this statute. This Court has noted that “[c]arelessness is a matter of reasonable interpretation, based on a wide range of factors.” Henderson v. State, 878 So.2d 246, 247 (¶ 8) (Miss.Ct.App.2004).
¶ 7. Trooper Hamblin testified that after observing Martin’s driving behavior, he pulled him over. Trooper Hamblin explained that Martin’s vehicle “went from point A to point B and right back. He didn’t [simply] drift over to the fog line.” Trooper Hamblin also testified that Martin actually crossed over the fog line, but he possessed no recollection of Martin’s driving off of the pavement. At trial, the circuit court judge stated that by his understanding of the rules of the road, hitting the fog line while driving clearly constituted probable cause for an officer to perform a traffic stop. Therefore, the circuit court judge found Martin’s driving behavior constituted probable cause for a lawful stop.
¶ 8. In Henderson, 878 So.2d at 247 (¶ 7) (quoting Whren v. U.S., 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)), this Court held that “the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.” Prior to the traffic stop in Henderson, the police officer observed the vehicle that Henderson was driving approach the curb twice. This Court found that such behavior indicated “Henderson was driving without due regard for the width and use of the street”; thus, we held that “the officer’s observations were enough for him to determine that careless driving had taken place.” Id. This Court ultimately held that the officer possessed probable cause for the traffic stop.
¶ 9. Additionally, “this Court has determined that failure to have regard for the width and use of the street by swerving off the side of the road or crossing the marker lines constitutes probable cause for a traf-fie stop.” Id. at (¶ 8); see Saucier v. City of Poplarville, 858 So.2d 933, 935 (¶ 6) (Miss.Ct.App.2003). In Tran v. State, 963 So.2d 1, 14 (¶¶ 47-48) (Miss.Ct.App.2006), this Court cited Henderson and held that “crossing the fog line” constituted a reasonable basis for a traffic stop.
¶ 10. Martin additionally argues that Mississippi Highway 314 does not meet the definition of a “laned highway” under Mississippi Code Annotated sections 63-3-125 or 63-3-603 (Rev.2004); thus, Martin claims no statute makes his driving behavior unlawful. However, Martin provides no evidentiary support or case law for his argument; therefore, his argument is procedurally barred for lack of relevant authority. Arguments advanced on appeal must “contain the contentions of the appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” M.R.A.P. 28(a)(6). “Failure to comply with [Mississippi Rule of Appellate Procedure] 28(a)(6) renders an argument procedurally barred.” Birrages v. Ill. Cent. R.R., 950 So.2d 188, 194 (¶14) (Miss.Ct.App.2006). This Court does, however, note that section 63-3-1213 refers to careless driving on “streets and highways,” not solely on “laned highways.”
¶ 11. We find that the circuit court did not err in finding that probable cause existed for the traffic stop. This assignment of error lacks merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF DUI, FIRST OFFENSE, AND SUSPENDED SENTENCE OF 48 HOURS IN THE LAFAYETTE COUNTY DETENTION CENTER AND TO PAY A $1,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*536 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.