BARNES, J.,
for the Court:
¶ 1. This is an appeal from the Circuit Court of Rankin County. Cynthia Dominick was found guilty in the Brandon Municipal Court of careless driving and driving under the influence. At a bench trial-in the County Court of Rankin County, Dominick was again found guilty and sentenced to pay a fine of $1,000, plus court costs and assessments, with $500 suspended, and ordered to serve forty-eight hours in the Rankin County Jail, with credit for time served, and ninety days of probation. The circuit court affirmed the county court’s sentencing and fines.
¶ 2. On appeal, Dominick raises the following issues:
I. Whether the county court erred in allowing into evidence the Intoxilyzer 8000 test results without allowing Dominick her right under the Sixth Amendment to confront the person in charge of calibrating the machine.
II. Whether- the test results from the Intoxilyzer 8000 should have been admitted into evidence, as Officer Blissard failed to keep Dominick in his presence during the entire twenty-minute observation period.
III. Whether the police lacked the requisite probable cause or reasonable suspicion to stop Dominick’s automobile on the evening in question.
Finding no error, this Court affirms.
FACTS
¶ 3. On November 6, 2010, Dominick and her boyfriend (now husband) left Hot Shots at approximately 10:30 p.m. after an evening of karaoke. Dominick was driving since her boyfriend had been drinking. Although Dominick had consumed at least three beers earlier in the evening, she began drinking water when she realized that she would have to drive. After leaving Hot Shots, Dominick and her companion drove to Waffle House in Brandon, Mississippi. They remained there for ap *454 proximately one hour before heading home.
¶ 4. At approximately 12:20 a.m., Dominick was stopped by Officer Chris Blissard of the Brandon Police Department. Dominick initially told Officer Blissard that she had not been drinking. Office Blissard testified that he could smell alcohol on her breath. When Officer Blissard asked Dominick to step out of the car, she informed him that she had consumed four beers. However, Dominick later obtained a statement from the bartender at Hot Shots that stated she had consumed only three beers.
¶ 5. Officer Blissard performed a portable breath test and received a positive reading after Dominick blew into the machine. Officer Blissard also conducted a series of field sobriety tests on Dominick, including the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test. Dominick was then placed under arrest and transported to the Brandon Police Department, where Officer Blis-sard administered the Intoxilyzer 8000 test. The results showed a breath-alcohol content (BAC) of .12%, above Mississippi’s legal limit of .08%.
¶ 6. Dominick entered a plea of nolo contendré in the Brandon Municipal Court and was found guilty. She appealed to the county court. The county court judge conducted a bench trial de novo and found Dominick guilty of careless driving under Mississippi Code Annotated section 63-3-1213 (Rev.2004) and driving under the influence, first offense, in violation of Mississippi Code Annotated section 63-11-30(l)(c) (Supp.2011), as her alcohol concentration was above 0.8%. The county court judge stated, “[Tjhere is really not anything with a straight face I can say that creates a reasonable doubt on the (c) case.” Dominick appealed to the circuit court, which affirmed the ruling. Upon review, we affirm.
STANDARD OF REVIEW
¶ 7. “The standard of review regarding the admission or exclusion of evidence is abuse of discretion.” Hudspeth v. State, 28 So.3d 600, 602 (¶5) (Miss.Ct.App.2009) (quoting Morris v. State, 963 So.2d 1170, 1175 (¶ 15) (Miss.Ct.App.2007)). “Absent an abuse of that discretion, the trial court’s decision will not be disturbed on appeal.” Id. (quoting McCoy v. State, 820 So.2d 25, 31 (¶ 15) (Miss.Ct.App.2002)).
DISCUSSION
I. Confrontation Rights
¶ 8. Dominick argues that the admission of Intoxilyzer 8000 results under the Confrontation Clause of the Sixth Amendment requires the person who calibrated the machine to testify. This Court addressed this issue in Matthies v. State, 85 So.3d 872, 875-76 (1112, 14) (Miss.Ct.App.2011), and held that the person who calibrated an intoxilyzer is not required to testify and that the certification is not always testimonial. In rejecting the Sixth Amendment argument, this Court analyzed Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009) and cases from other jurisdictions. We noted:
The certificates at issue here do nothing more than verify the accuracy of the equipment. Though the intoxilyzer was calibrated for use in criminal prosecutions, the certificates were not specifically prepared with an eye on prosecuting Matthies. Therefore, the calibration records in this case are different from the lab analysts’ certificates at issue in Melendez-Diaz, which were prepared after the drug seizure to establish at the defendant’s trial that the substance obtained from him was cocaine.
*455 Matthies, 85 So.3d at 875 (¶ 13). The Mississippi Supreme Court granted certiorari and recently affirmed our holding in Matthies. See Matthies v. State, 85 So.3d 838, 844 (¶ 22) (Miss.2012).
¶ 9. Furthermore, Officer Blissard administered the intoxilyzer test, and he testified as to the BAC revealed by the test. The person who calibrated the intoxilyzer is not required to testify. Therefore, we find no merit to this issue.
II. Period of Observation
¶ 10. Dominick contends that Officer Blissard did not observe her for a required uninterrupted twenty minutes prior to the test; therefore, the results of the Intoxilyzer 8000 should not have been admitted into evidence. Dominick argues that Officer Blissard left her handcuffed in the back of his patrol car while he retrieved her cell phone from her car and that, during this time, she was not under observation.
¶ 11. Mississippi Code Annotated section 63-11-5(1) (Rev.2004) provides for a minimum observation period of fifteen minutes and states: “No such tests shall be given by any officer or any agency to any person within fifteen (15) minutes of consumption of any substance by mouth.” While the statutory period is a minimum of fifteen minutes, the Mississippi Department of Public Safety’s guidelines and the Intoxilyzer 8000 Implied Consent Policies and Manual require a twenty-minute observation period prior to testing. Hudspeth, 28 So.3d at 602 (¶ 6).
¶ 12. In Fisher v. City of Eupora, 587 So.2d 878, 882 (Miss.1991), the Mississippi Supreme Court analyzed decisions from other jurisdictions as to the observation period prior to testing and concluded: “A dispute as to whether the observation lasted the mandatory length of time or whether the observation was performed while in the presence of an officer goes to the weight of the testimony and the credibility of the witnesses.” In this case, Officer Blissard testified that he observed Dominick for the required time. There is no testimony that Officer Blissard’s observation of Dominick was obstructed. As in Fisher, Dominick “was not out of the officer[’s] range of vision.” Id. at 880. Officer Blissard also testified that Dominick did not throw up or put anything in her mouth. Dominick never testified that she consumed anything during the observation period, which would have made the testing invalid under the statute. The county court judge concluded that he “didn’t see any evidence of anything that would have invalidated this test.” Neither do we. The State introduced video from Officer Blissard’s patrol car that showed the patrol car and Dominick’s car were in very close proximity and that Dominick was not out of Officer Blissard’s range of vision at any time. Thus, we are unable to conclude that the court abused its discretion in allowing the test results to be admitted into evidence.
III. Probable Cause
¶ 13. Dominick disputes that there was probable cause for the traffic stop. She contends that her driving was not careless; as such, the stop of her vehicle was illegal according to the Fourth Amendment to the United States Constitution, as well as Article 3, Section 23 of the Mississippi Constitution. She contends that, because the stop was illegal, any evidence from it should be rendered inadmissible. The United States Supreme Court has stated that, as a general rule, “the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.” Whren v. United States, 517 U.S. *456 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
¶ 14. Officer Blissard testified that Dominick’s car “bumped” or “simply rode” the fog line prior to changing lanes. Dominick did not dispute this, and her testimony validated the officer’s conclusion. A review of the videotape does not contradict the officer’s testimony. While the videotape from the front bumper of the officer’s vehicle is not clear, it also does not contradict the officer’s conclusion at the time or his testimony. As the county court found, “the car was too far away to see what the officer saw.” In Martin v. State, 43 So.3d 533, 535 (¶ 9) (Miss.Ct.App.2010), this Court found sufficient probable cause existed where a vehicle bumped the fog line of a county highway.
¶ 15. Although Dominick could explain why she changed lanes, this information was not known to the officer at the time. Dominick testified that she initially changed lanes because her boyfriend wanted to go to his apartment but changed his mind, so she moved her car into the left-hand lane of the roadway. As stated in United States v. Escalante, 239 F.3d 678, 681 (5th Cir.2001), the test for probable cause “is an objective test based on the facts known to the officer at the time of the stop[.]”
¶ 16. Officer Blissard also testified that after the car went into the left lane, the car “bumped the center line to the right,” or “[s]he rode on to the center line.” Contrary to Dominick’s argument, there were several articulated reasons for the stop, and she did not explain why she “bumped” the fog line or center line to the right. After reviewing the evidence, the county court judge found that the officer certainly had “probable cause to stop her” and found Dominick guilty of careless driving and driving under the influence.
¶ 17. Accordingly, there was sufficient evidence to support a finding of probable cause, and we find no merit to this assignment of error.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF CARELESS DRIVING AND DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF $1000, PLUS COSTS AND ASSESSMENTS, WITH $500 SUSPENDED, AND FORTY-EIGHT HOURS IN CUSTODY WITH CREDIT FOR TIME SERVED AND NINETY DAYS PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.