# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00745-COA

**JOE REEL**                                                                          **APPELLANT**

**v.**

**SANFORD WARREN**                                                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN HUNTER STEVENS |
| ATTORNEY FOR APPELLEE: | JEREMY TRISTAN HUTTO |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | APPELLEE AWARDED $2,480.12 IN DAMAGES; APPELLEE'S MOTION FOR NEW TRIAL OR, ALTERNATIVELY, FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR ADDITUR DENIED |
| DISPOSITION: | AFFIRMED - 05/23/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Joe Reel sued Sanford Warren for injuries sustained in a motor-vehicle collision when Warren rear-ended Reel. Warren admitted liability, and the case went to trial on damages. The jury awarded Reel $2,480.12. Reel moved for a new trial or, in the alternative, additur or a judgment notwithstanding the verdict (JNOV), which the trial court denied. Reel appeals the denial as error. Finding none, we affirm.

## BACKGROUND

¶2.     On August 21, 2009, Warren caused a motor-vehicle collision when he rear-ended a

vehicle operated by Reel's brother, in which Reel was a passenger, at the intersection of Highways 475 and 80 in Pearl, Mississippi. Warren admitted negligence, and the case proceeded to trial on the issue of damages. Reel submitted evidence of medical expenses totaling $10,914.12, and claimed neck and back pain as a result of the accident. Reel also asserted he sustained an injury to his cervical spine that necessitated medical treatment.

¶3. At trial, Warren submitted photographs of Reel's vehicle, an accident report from the Pearl Police Department that makes no mention of injuries sustained at the scene of the accident, and admissions from Reel that he proceeded from the accident scene to another location to give an estimate for a prospective painting job and that he never went to the emergency room. Warren testified that he was traveling approximately five miles per hour when impact occurred, and that his vehicle only suffered a cracked headlight.

¶4. On direct examination, Reel and his wife both denied that Reel complained of neck pain prior to the accident. However, during cross-examination, it was demonstrated that Reel complained of neck pain dating back to 2006 and had undergone magnetic resonance imaging because of said pain, and preaccident medical records demonstrated that Reel suffered from cervical-degenerative-disc disease. It was also shown that Reel had a physical in November 2010, and his physician's notes stated that Reel was "doing extremely well, not having any major problems." Further, Reel admitted during direct examination that he fell at work in December 2011, yet denied any falls at work or home in his previous deposition. It was also demonstrated that Reel saw his physician in February 2012, that Reel told his physician about the fall, and that the physician told Reel that the fall probably exacerbated

2

his neck pain.

¶5.     Warren's medical expert testified that Reel's preaccident complaints of pain were consistent with cervical-degenerative-disc disease, that there was no evidence of any acute injury on Reel's postaccident diagnostic tests, and that based on comparisons of Reel's pre- and postaccident testing, the accident did not change the condition of Reel's neck. The jury found for Reel in the amount of $2,480.12. Reel moved for a new trial or, alternatively, for additur or a JNOV. The circuit court denied Reel's motion. Reel now appeals.

## DISCUSSION

¶6.     On appeal, Reel asserts he was entitled to a new trial or additur[1] because the jury awarded damages only for certain medical expenses.[2]

¶7.     Reel takes issue with the jury's award because it only covered certain medical expenses and not other damages such as pain and suffering, other accident-related medical expenses, and future medical expenses. The amount of damages awarded is a jury question. *Downs v. Ackerman*, 115 So. 3d 785, 790 (¶16) (Miss. 2013). "Because a jury award is not merely advisory, it generally will not be set aside unless so unreasonable as to strike mankind

---

[1] Conditions of additur are set out in Mississippi Code Annotated section 11-1-55 (Rev. 2014).

[2] Though Reel also asserts the trial court erred in denying his motion for a JNOV, he provides no evidentiary support or caselaw for his argument; therefore, his argument is procedurally barred for lack of relevant authority. Arguments advanced on appeal must "contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(7). "Failure to comply with Mississippi Rule of Appellate Procedure 28(a)(7) renders an argument procedurally barred." *Martin v. State*, 43 So. 3d 533, 535 (¶10) (Miss. Ct. App. 2010).

at first blush as being beyond all measure, unreasonable in amount[,] and outrageous." *Id*. "Additurs represent a judicial incursion into the traditional habitat of the jury, and therefore should never be employed without great caution." *Id*. It is the jury that determines a witness's credibility at trial, and the weight and worth of his testimony. *Burge v. Spiers*, 856 So. 2d 577, 580 (¶9) (Miss. Ct. App. 2003) (citing *Odom v. Roberts*, 606 So. 2d 114, 118 (Miss. 1992)). The party seeking additur has the burden of proof. *Id*. at 579 (¶6); *Downs*, 115 So. 3d at 790 (¶16).

¶8. The standard of review for the denial of a new trial is abuse of discretion. *Cleveland Nursing & Rehab. LLC v. Estate of Gully*, 206 So. 3d 516, 521 (¶15) (Miss. 2016). We also review denial of additur for abuse of discretion. *Downs*, 115 So. 3d at 790 (¶16).

¶9. Reel argues that "[A] jury verdict awarding damages for medical expenses alone is against the overwhelming weight of the evidence." *Scott Prather Trucking Inc. v. Clay ex rel. Sanders*, 821 So. 2d 819, 822 (¶12) (Miss. 2002) (quoting *Rodgers v. Pascagoula Pub. Sch. Dist.*, 611 So. 2d 942, 945 (Miss. 1992)); *see also Pham v. Welter*, 542 So. 2d 884 (Miss. 1989); *Matkins v. Lee*, 491 So. 2d 866 (Miss. 1986); *City of Jackson v. Ainsworth*, 462 So. 2d 325 (Miss. 1984). However, each case involving additur must be decided on a case-by-case basis. *Burge*, 856 So. 2d at 579 (¶5) (citing *Green v. Grant*, 641 So. 2d 1203, 1208 (Miss. 1994)). Again, it is the jury that determines a witness's credibility at trial, and the weight and worth of his or her testimony. *Id*. at 580 (¶9) (citing *Odom*, 606 So. 2d at 118).

¶10. Here, the jury was presented with Reel's conflicting sworn testimony concerning his prior medical condition and previous injuries, and evidence that called into question the

4

credibility of the expert-medical testimony presented on his behalf. Through the impeachment of Reel's evidence as to causation of his damages, there was ample evidentiary support for the verdict returned by the jury. We will not disturb the jury's finding, as the trial court did not abuse its discretion in ruling that the verdict was not against the overwhelming weight of the evidence. We also find the trial court did not abuse its discretion in denying an additur, as the jury's verdict in no way evinced bias or prejudice. Thus, we find Reel's arguments without merit.

## CONCLUSION

¶11. We affirm the circuit court's order denying Reel's request for a new trial, or, in the alternative, additur or a JNOV.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR.**